**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for AURORA LOAN SERVICES LLC
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOAN HOYMAN<br><br>Plaintiff,<br><br>v.<br><br>FIRST MAGNUS FINANCIAL CORP; COUNSEL FOR AURORA LOAN SERVICING GAYLE JAMESON, ESQ.MCCARTHY & HOLTHUS; AURORA LOAN SERVICES; COUNTRYWIDE HOME LOANS/BANK OF AMERICA HOME LOAN SERVICING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; DOES 1-100,<br><br>Defendants. | Case No. CV11-00891 AHM (MANx)<br>Hon. A. Howard Matz<br><br>**AURORA LOAN SERVICES LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND**<br><br>Complaint Filed: January 5, 2011<br>Trial Date:         None |

Defendants Aurora Loan Services LLC (**Aurora**) and Mortgage Electronic Registration Systems, Inc. (**MERS**) (collectively **defendants**) hereby respond to the Court's Order to Show Cause Re: why this case should not be remanded for lack of subject matter jurisdiction.

## I.   INTRODUCTION

In an attempt to enjoin her long overdue eviction, plaintiff Joan Hoyman (**plaintiff**) brings a nearly identical complaint less than two months after her first complaint was dismissed by this Court. Defendants contend that both diversity and federal question jurisdiction exist. Additionally, plaintiff's Complaint alleges nearly identical causes of action as those alleged in her prior complaint, the latter of which was dismissed by this Court with prejudice. This action involves the exact same property as described in plaintiff's first complaint, and the causes of action are nearly identical. Plaintiff failed to raise the issue of this Court's jurisdiction in the prior matter, and therefore plaintiff should be estopped from raising jurisdictional issues in the present action. Finally, if this Court should find that the Notice of Removal is deficient, defendants request the opportunity to amend their Notice of Removal.

## II.   STATEMENT OF FACTS

Plaintiff Joan Hoyman filed her first lawsuit for wrongful foreclosure against Aurora in Los Angeles County Superior Court on September 1, 2010. At the same time, Hoyman brought an *ex parte* application for a temporary restraining order to stop the eviction. That application was denied. Aurora removed that action to this Court and filed a motion to dismiss. Judge A. Howard Matz dismissed that action with prejudice after plaintiff failed to amend her complaint. On January 5, 2011, plaintiff filed her second action for wrongful foreclosure in Los Angeles Superior Court. Plaintiff again sought a temporary restraining order against defendants to enjoin her eviction from the property, but Judge Edward Simpson of the Superior Court denied that application. On January 28, 2011, Aurora removed the action to this Court. Aurora moved to dismiss plaintiff's complaint. On February 11, 2011, this Court issued an Order to Show Cause

re: remand based on lack of subject matter jurisdiction. Defendants now respond to the Court's Order to Show Cause.

### III. LEGAL STANDARD

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The existence of federal question jurisdiction is ordinarily determined from the face of the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Under the well-pleaded complaint rule, a defendant may remove a case to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A case arises under federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

### IV. ARGUMENT

#### A. Federal Question Jurisdiction Exists

The Complaint alleges violations of the Fair Debt Collection Practices Act (**FDCPA**) and the Truth in Lending Act (**TILA**). A single claim over which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997). Removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *Harris v. Bankers Life & Ca. Co.*, 425 F.3d 160, 162 (9th Cir. 2005). Here, plaintiff unequivocally alleges violations of the FDCPA: "When Plaintiff was threatened with notice of acceleration, she sent a dispute letter pursuant to the Fair Debt Collection Practices Act to aurora loan servicing, noticing it of the dispute of

debt....[t]he dispute was never answered and collection of the debt continued unimpeded." (Compl. ¶ 15).

Plaintiff also alleges violations of TILA, "Lending companies are subject to the Truth in Lending Act and other regulations, however, there is no regulatory body over said Act, it is self policing, and the assumption is made the Act itself will keep companies in compliance. Such is not the case in this instance." (Compl. ¶ 17) Thus, plaintiff has alleged causes of action under federal law.

### B. Diversity Jurisdiction Exists

Although the Complaint alleges that Plaintiff resides in California, the issue here is whether Plaintiff is domiciled in California. However, in Hoyman's prior action before this Court, 2:10-cv-07184-AHM-MAN, defendants alleged Hoyman was a citizen of California by virtue of statements made in that complaint. Hoyman did not contest that designation. In determining a party's citizenship, courts may consider its allegations in earlier litigation regarding citizenship. *See Tosco Corp. v. Communities for a Better Environment*, 41 F.Supp.2d 1061, 1067 (Corporation's claim in prior lawsuit that its principal place of business was California for diversity purposes undermined its claim to the contrary in present lawsuit).

With respect to the issue of whether Gayle Jameson's citizenship should be disregarded based on the doctrine of fraudulent joinder, defendants contend that the Complaint contains no cause of action whatsoever against Ms. Jameson. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & MFg.*, 545 U.S. 308, 314 (2005). The only time Ms. Jameson is mentioned in the Complaint is in the section entitled "Parties." Compl. ¶ 4). In that paragraph, plaintiff alleges Jameson, "has failed to properly investigate the client's standing and the validity of the documents associated with this lawsuit, in violation of the State Bar Rules for the State of California." *Id.* This conclusory statement falls well below the standard to survive a pre-answer motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

This means that "naked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* at 1949 (internal quotation omitted). Therefore, this Court should find that because the complaint contains no cause of action whatsoever against Ms. Jameson, she is fraudulently joined. *Grable & Sons Metal Prods., Inc.,* 545 U.S. at 314.

### C. Request for Amendment of Removal Notice

In the event the Court finds defendants' response is inadequate, defendants respectfully request they be allowed to amend their removal notice. Even failure to state valid grounds for removal (e.g., diversity or federal question) may be cured by post-removal amendment of the notice, as long as such jurisdiction in fact existed at the time of removal. *Gafford v. General Ele. Co.,* 997 F.2d 150, 164 (6th Cir. 1993); *McMahon v. Bunn-O-Matic Corp.,* 150 F.3d 651, 654 (7th Cir. 1998). Additionally, courts have allowed amendment of removal notice where diversity was not alleged with the request specificity, because the defective statement of removal jurisdiction in the removal notice was deemed only a "formal" defect, since diversity in fact existed. *Barrow Develop. Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317 (9th Cir. 1969); *see also Good v. Prudential Ins. Co. of America,* 5 F.Supp.2d 804, 808-809 (N.D. Cal. 1998).

## IV. CONCLUSION

Defendants respectfully request that this Court not remand this action. In the event the Court makes a finding of deficiencies in the Notice of Removal, defendants request this Court allow amendment of the Removal Notice.

DATED: February 21, 2011        Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: /s/ *Bryan M. Leifer*
    Bryan M. Leifer
Attorneys for Defendants
AURORA LOAN SERVICES LLC,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC

## PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is 725 S. Figueroa Street, 38th Floor, Los Angeles, California 90017.

On **February 21, 2011**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**AURORA LOAN SERVICES LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND**

Joan Hoyman                                           *Plaintiff in Pro Per*
1351 Pleasantridge Drive
Altadena, CA  91001
Telephone: (310) 237-5941

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Denver, Colorado.

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☒ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **February 21, 2011**, at Los Angeles, California.

_____Sheila Matthias_____     _____
(Type or print name)                          (Signature)

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{LA088098;1}

2
PROOF OF SERVICE

CASE NO.